Joe E. SMITH, Plaintiffs,

v.

THOMAS JEFFERSON UNIVERSITY, Defendant.

No. CIV. A. 99–2290.

United States District Court, E.D. Pennsylvania.

June 21, 1999.

Michael J. Salmanson, Salmanson and Falcao, Philadelphia, PA, for plaintiffs.

Marjorie H. Gordon, Office of University Counsel, Thomas Jefferson University, Philadelphia, PA, for defendant.

## MEMORANDUM and ORDER

KATZ, Senior District Judge.

Presently before the court is defendant's motion to dismiss under Rule 12(b)(6). For the reasons discussed below, the motion will be denied.[1]

*Facts*

Plaintiff Joe Smith was employed at Thomas Jefferson University (Jefferson) for over thirty years, rising to the position of Director of the Department of Pharmacy. After being struck with polio at age fourteen, Dr. Smith has continued to suffer from post-polio syndrome throughout his life.

In 1996, Jefferson announced an early retirement program in which Smith was eligible to participate. One option under the plan was to receive a salary continuation for one year after retirement. Smith was interested in the plan but because his medical condition was worsening, he was hesitant to accept the plan if it meant a loss of disability insurance. Throughout the process of informing potential participants about the plan, Jefferson represented that participants who elected the one-year salary continuation option would continue to receive all their employee benefits (except two not relevant here) throughout the salary continuation period. In addition to the written materials distributed, Smith specifically inquired of Jefferson's manager of employee benefits whether he would be eligible for long-term disability benefits while on salary continuation, and was told that he would be. Based on these assurances, Dr. Smith elected to participate in the early retirement plan under the salary continuation option. His retirement was effective December 31, 1996.

In December 1997, while still in his one-year salary continuation period, plaintiff was rendered disabled. He applied for long-term disability benefits. Because the long-term program had a six-month waiting period, Jefferson offered a self-insured program that paid 100% short-term benefits in the meantime. From December 1997 to June 1998, Jefferson paid Smith those benefits. During his participation in the plan, Smith paid extra monthly premiums that would entitle him to 70% long-term disability benefits instead of the normal 50%.[2] On nearing the end of the six-month waiting period, plaintiff applied to convert the short-term benefits to long-term benefits at the proper time. This

---

1. For the purposes of a 12(b)(6) motion to dismiss a complaint, this court must accept as true all the allegations of fact in plaintiffs' complaint, must construe the complaint in the light most favorable to plaintiffs, and must determine whether, under any reasonable reading of the pleadings, plaintiffs may be entitled to relief. *See Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). The court does not inquire as to whether plaintiffs will ultimately prevail, only whether they are allowed to present evidence to support their claims. The motion to dismiss should be granted only if it appears that the plaintiffs could prove no set of facts that would entitle them to relief. *See id.*

2. The complaint is somewhat contradictory on this point. In ¶ 25 it says that he paid these premiums "throughout the time he was on VERIP salary continuation until the time he became disabled." In ¶ 26, it says he elected the higher benefits option in January 1998. The letter from Jefferson accompanying the return of the extra payments (Compl.Ex. E) indicates that the premium was paid "for the year 1997 while you were in the VERIP program." It appears, then, that he elected the higher benefits option in January 1997, rather than in 1998. The exact date does not make any material difference to any discussion in this opinion.

application was denied. Jefferson's long-term disability insurance carrier notified him that he was not eligible for benefits under the terms of the plan because he was not "actively at work," but only receiving a salary through the continuation plan, when his disability commenced. First with the help of Jefferson's benefits manager, and then through his lawyer, Dr. Smith appealed the denial, but the carrier continued to deny the request.

Plaintiff does not allege that the carrier is incorrect in its application of the plan's "actively at work" requirement. Instead, he contends that Jefferson was mistaken in its belief that employees on the salary continuation plan would remain eligible for long-term disability benefits. Smith alleges that as a result of Jefferson's repeated misrepresentations on that point, he has wrongfully been refused long term disability benefits to which he is entitled. The complaint contains three counts asserting claims under the Employee Retirement Income Security Act (ERISA): Count I contains a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), Count II a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), and Count III an alternative claim for breach of fiduciary duty. Defendant makes three arguments for dismissal of the complaint, none of which is successful.

*Discussion*

*Participant Status*

First, defendant contends that plaintiff lacks standing to bring this suit because he is not a "participant" in the plan as required by ERISA. ERISA provides for civil enforcement of the law in part by allowing individual benefit plan participants to sue. *See* 29 U.S.C. § 1132(a). The statute elsewhere defines "participant" as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any

type from an employee benefit plan...." 29 U.S.C. § 1002(7).

In interpreting § 1132(a)(1)'s language in light of the statutory definition, the Supreme Court held that "participants" who may sue under § 1132(a)(1) include "employees in, or reasonably expected to be in, currently covered employment, ... or former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (internal quotes and cites omitted). The *Bruch* Court further instructed, "In order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Id.* at 117–18, 109 S.Ct. 948.

This interpretation of "participant" does not, however, deprive plaintiff of standing as to Count I's breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3), because the Supreme Court has acknowledged that the requirement does not apply to such claims.[3] Like subsection (a)(1) at issue in *Bruch*, subsection (a)(3) also provides for suit by a "participant":

> A civil action may be brought ... by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter.

29 U.S.C. § 1132(a)(3). The Supreme Court in *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), however, indicated that a plaintiff in a suit for breach of fiduciary duty under subsection (a)(3) need not meet the *Bruch* definition of "participant." As the Court explained, the *Varity* plaintiffs "could not proceed under the first subsection because

---

**3.** Because Count III is a similar subsection (a)(3) breach of fiduciary duty claim, this same reasoning applies to it, though for reasons discussed below, it is not necessary.

they were no longer members of the ... plan and, therefore, had no 'benefits due [them] under the plan.'" *Id.* at 515, 116 S.Ct. 1065. The Court further recognized that they could not proceed under the second subsection because that provision does not provide a remedy for individual beneficiaries. *See id.* Thus, the Court concluded,

> They must rely on the third subsection or they have no remedy at all. We are not aware of any ERISA-related purpose that denial of a remedy would serve. Rather, we believe that granting a remedy is consistent with the literal language of the statute, the Act's purposes, and pre-existing trust law.

*Id.*

Even before the Supreme Court decided *Varity,* the Third Circuit decided similarly in *Bixler v. Central Pennsylvania Teamsters Health & Welfare Fund,* 12 F.3d 1292 (3d Cir.1993), that an individual could bring a breach of fiduciary duty claim under subsection (a)(3). *See id.* at 1298–1300. The plaintiff in *Bixler* was a woman who claimed that the plan's trustee's failure to provide her with complete and accurate information had caused her not to elect coverage under the plan. She was, then, not a participant in the plan, but the court held that her breach of fiduciary duty claim was proper nonetheless. *See id.* In this case, Dr. Smith is in the same boat as the plaintiffs in *Varity* and *Bixler.* As both the Third Circuit and the Supreme Court have acknowledged, he is allowed to bring suit under § 1132(a)(3) for breach of fiduciary duty.

As to the claim for benefits under 29 U.S.C. § 1132(a)(1)(B) in Count II, plaintiff claims that he "may become eligible" for benefits because he has a colorable claim that he will prevail in this suit for benefits, proceeding on an equitable estoppel theory. Plaintiff claims that because Jefferson assured him that he was a participant, in that it told him that his benefits continued and accepted his extra premium payments, Jefferson is now estopped from denying that he is a participant and eligible for long-term disability payments under the plan.

This equitable estoppel argument, whatever its merits, does not give plaintiff standing for a claim under subsection (a)(1)(B). The cases cited by plaintiff clearly state that an equitable estoppel claim is properly brought under subsection (a)(3). *See, e.g., Curcio v. John Hancock Mut. Life Ins. Co.,* 33 F.3d 226, 235 (3d Cir.1994) ("[plaintiff] presents an equitable estoppel claim, which is authorized under ERISA pursuant to § 1132(a)(3)(B)"). Count I, then, is properly brought under subsection (a)(3), and such a claim will be allowed to go forward.[4]

*Release*

Defendant next argues that plaintiff signed a release that bars him from bringing this suit. This argument can be quickly disposed of, because the contract says, "Nothing in this Agreement, however, shall preclude me from seeking legal redress to compel Jefferson to fully comply with its obligations under this Agreement." Def. Mot. Ex. A ¶ 6.[5] That is exactly the

---

**4.** There is another issue that neither party raises but the court believes it should address: § 1132(a)(3) is a catch-all provision called into service only when ERISA provides no other remedy. *See Varity,* 516 U.S. at 515, 116 S.Ct. 1065 (noting that because of the "appropriateness" limitation on the relief available under subsection (3), "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury there will likely be no need for further equitable relief"). For this reason, were plaintiff to proceed on the Count I claim under subsection (a)(1)(B), it would be necessary to dis-

miss the claim under (a)(3). *See Kuestner v. Health & Welfare Fund & Pension Fund of the Phila. Bakery Employers,* 972 F.Supp. 905, 910–11 (E.D.Pa.1997) (dismissing claim under subsection (a)(3) because plaintiffs also sought remedy under subsection (a)(1) ); *Reilly v. Keystone Health Plan East, Inc.,* Civ. A. No. 98–1648, 1998 WL 422037, at *4 (E.D.Pa. July 27, 1998) (same).

**5.** The VERIP agreement itself was not attached to the complaint, although a portion of it was quoted. *See* Compl. ¶ 16. Defendant attaches a copy of the agreement to its mo-

situation in this case: Plaintiff is seeking legal redress to compel Jefferson to comply with its obligation under paragraph (4) of the contract to "[c]ontinue all employee benefits currently in effect for the duration of my salary continuation time period." Thus, by its very terms, the release is no bar to the claims asserted here.

*Class Action*

Last, defendant argues that Count III must be dismissed because plaintiff purports to bring the count "on behalf of himself and all other participants in the VERIP who paid premiums toward supplemental long-term disability benefits," Compl. ¶ 60, but he has not pleaded the requisite elements of a Rule 23 class action. Indeed plaintiff has not pleaded those elements, but plaintiff responds that he did not intend to assert a class action. Instead, he seeks equitable relief under 29 U.S.C. § 1132(a)(3), which he asserts can include granting relief to other people similarly situated. Plaintiff's explanation essentially says that Count III is not a separate substantive count, but a request for additional or alternative relief for the violations alleged in Counts I and II. The court will treat it as such.

*Conclusion*

For the reasons discussed above, defendant's motion will be denied. An appropriate Order follows.

### ORDER

**AND NOW,** this 21st day of June, 1999, upon consideration of Defendant Thomas Jefferson University's Motion to Dismiss Complaint, and the plaintiff's response thereto, it is **ORDERED** that said motion is **DENIED** for the reasons stated in the foregoing Memorandum.

tion, and plaintiff relies on it as well. The court sees no reason not to consider it.